UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY MARSHALL,

    Petitioner,

v.                                         CASE NO. 8:10-cv-2366-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
                                          /

**O R D E R**

Marshall petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for armed robbery, for which conviction Marshall serves life imprisonment as a prison releasee re-offender. Although the initial response (Doc. 14) admits the petition's timeliness, the respondent argues in the amended response (Doc. 15) that the petition is time-barred.[1] The amended response also addresses the merits of the sole ground for relief. Numerous exhibits ("Respondent's Exhibit __") support the amended response. Marshall disputes (Doc. 25) the respondent's timeliness argument.

---

[1] Omitting a timeliness challenge from an initial response does not preclude the state from asserting the challenge in a subsequent response. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1320-21 (11th Cir. 2006), *cert. denied*, 550 U.S. 922 (2007).

## **STATUTE OF LIMITATIONS**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Marshall's limitation commenced in 2000 upon the expiration of the time for filing a petition for the writ of *certiorari*. The parties agree that the limitation was tolled for Marshall's state Rule 3.800 motion to correct the sentence, his state petition for the writ of habeas corpus in which he alleged the ineffective assistance of appellate counsel, and his state Rule 3.850 motion for post-conviction relief in which he alleged the ineffective assistance of trial counsel. Marshall moved to recall the mandate on the denial of the latter motion and, when that was unsuccessful, he filed a second Rule 3.800 motion to correct the sentence. Marshall claims entitlement to tolling for both his motion to recall the mandate on the denial of his Rule 3.850 motion for post-conviction relief and his second Rule 3.800 motion to correct the sentence. The

respondent contends that the limitation expired before Marshall filed his second Rule 3.800 motion to correct the sentence because he is not entitled to tolling for the motion to recall the mandate. The federal petition is timely if Marshall is entitled to tolling during the pendency of both the motion to recall the mandate and the second Rule 3.800 motion.

Section 2244(d)(2) affords tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Moore v. Crosby*, 321 F.3d 1277, 1381 (11th Cir. 2003), explains that "[t]he statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition." The linchpin in this case is whether a motion to recall the mandate qualifies as an "application for State post-conviction or other collateral review" and whether Marshall's motion to recall the mandate was "properly filed."

Although the Eleventh Circuit Court of Appeals apparently has not resolved whether a motion to recall the mandate tolls the applicable limitation, *Bishop v. Dormire*, 526 F.3d 382, 383-84 (8th Cir. 2008), explains:

> First, the district court did not toll the statute of limitations for the period during which Bishop's motion to recall the mandate was pending. We concluded in *Marx v. Gammon* that Marx's motion to

recall the mandate filed in the Missouri Court of Appeals was "properly filed" in the context of AEDPA's tolling provision. 234 F.3d 356, 357 (8th Cir. 2000). Although Marx only explicitly addressed whether the motion was "properly filed," its holding that Marx's habeas petition was timely necessarily included the holding that a properly filed motion to recall the mandate tolls the AEDPA statute of limitations. Therefore, Marx also stands for the proposition that a properly filed motion to recall the mandate tolls the AEDPA statute of limitations.

Because Bishop's motion to recall the mandate was not necessary to exhaust any federally cognizable claims, the State contends that *Marx* is distinguishable and that the period when the motion was pending should not be tolled. Bishop's motion to recall the mandate presented claims solely concerning the effectiveness of his post-conviction appellate counsel, which are not cognizable claims in federal habeas proceedings. *See Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004) ("There is no federal constitutional right to the effective assistance of post-conviction counsel."). The plain language of § 2244(d)(2), however, only requires that an application for state post-conviction or other collateral review be "properly filed" and be "with respect to the pertinent judgment or claim" in order for the time during which it is pending to be tolled. The State concedes that Bishop's motion to recall the mandate was "properly filed," as in *Marx*.

Despite the fact that his motion to recall the mandate raised an issue that is not cognizable in a federal habeas petition, Bishop's motion was filed "with respect to" his state habeas petition inasmuch as he sought to have the appeal reopened based on his post-conviction appellate counsel's failure to raise certain issues on appeal, all of which attacked the validity of his state conviction. To toll the statute of limitations, the pending state post-conviction or other collateral review need not raise a federally cognizable claim. *See Cowherd v. Million*, 380 F.3d 909, 912-13 (6th Cir. 2004) (*en banc*) (concluding that a state post-conviction petition need not raise a federal constitutional issue in order to toll the statute of limitations); *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*) ("[T]he federal habeas statutory limitations period is tolled regardless of whether a properly filed state post-conviction petition or other collateral review raises a federally cognizable claim."); *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) ("Whether the federal habeas petition contains one or more of the claims raised in the state proceeding does not matter as long as the state proceeding and the federal habeas petition attack the same judgment."); *Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001) (holding that issues presented to state court may differ from those presented to federal court but still toll the

> statute of limitations). Because the state post-conviction or other
> collateral review need not even include a federally cognizable claim to
> toll the statute of limitations, it certainly need not be necessary to
> exhaust a federal claim. Therefore, *Marx* is not distinguishable, and the
> statute of limitations period should have been tolled during the
> pendency of Bishop's motion to recall the mandate.

*See also Storey v. Roper*, 603 F.3d 507, 513-14 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 1574 (2011) (citing *Bishop* for the proposition that "a Missouri motion to recall the mandate is 'other collateral review' within the meaning of § 2244").

Analogous controlling precedent in this circuit addresses tolling for an application to file a belated appeal. A belated appeal tolls the federal one-year limitation but only under certain circumstances. The time that elapses before filing a petition for belated appeal is not tolled because nothing is "pending." *McMillan v. Sec'y, Dept. Of Corr.*, 257 Fed. App'x 249, 252-53 (11th Cir. 2007) ("[W]e reject the argument that a state post-conviction motion remains "pending" after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal."). No tolling is permitted if the application for a belated appeal is filed after expiration of the federal one-year limitation, even if the state court grants the belated appeal, because elapsed time is not reinstated. *Moore v. Crosby*, 321 F.3d 1277, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In

other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

Tolling is permitted if (1) the application for a belated appeal was filed before expiration of the federal limitation and (2) the application was treated by the state courts as a continuation of the motion for post-conviction relief. *Williams v. Crist*, 230 Fed. App'x 861 (11th Cir. 2006). The state court record shows that Marshall's motion to recall the mandate meets both of these requirements.

The remaining question is whether Marshall's motion to recall the mandate was "properly filed." The respondent argues that the motion was not "properly filed" because Marshall was still represented by counsel, the motion was filed *pro se*, and the motion was stricken. Although Marshall's motion to recall the mandate was stricken rather than denied or dismissed, the order provides no reasoning for striking the document and, as a consequence, the respondent's argument that the motion was not "properly filed" is speculative and unsupported by the record.

Marshall is entitled to tolling for the twenty-five days (from January 8, 2010, to February 1, 2010) that his motion to recall the mandate was pending. As a consequence, Marshall's second Rule 3.800 motion to correct the sentence, which was filed nine days after the motion to recall the mandate was denied, also tolled the limitation. Marshall's federal petition, filed a few days before the deadline, is timely.

## **FACTS**[2]

Late in the evening on June 15, 1998, an armed robbery occurred at a pizza restaurant in Winter Haven, Florida. After speaking with the victim, a deputy sheriff issued a description of the suspect to the other deputies in the area. Approximately an hour and a half later and approximately a mile and a half from the restaurant a deputy observed a pick-up truck driving slowly behind some stores. The deputy determined that the two occupants were looking for a jack to change a flat tire. The deputy also determined that one of the occupants matched the description of the robbery suspect. The deputy detained both occupants and drove them to the site of the robbery. The victim identified Marshall, who was one of the occupants, as the robber.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[2] This summary of the facts derives from Marshall's amended petition. (Doc. 9)

>established Federal law, as determined by the Supreme
>Court of the United States; or
>
>(2) resulted in a decision that was based on an
>unreasonable determination of the facts in light of the
>evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

>In sum, § 2254(d)(1) places a new constraint on the power of a federal
>habeas court to grant a state prisoner's application for a writ of habeas
>corpus with respect to claims adjudicated on the merits in state court.
>Under § 2254(d)(1), the writ may issue only if one of the following two
>conditions is satisfied--the state-court adjudication resulted in a decision
>that (1) "was contrary to . . . clearly established Federal Law, as
>determined by the Supreme Court of the United States" or (2) "involved
>an unreasonable application of . . . clearly established Federal law, as
>determined by the Supreme Court of the United States." Under the
>"contrary to" clause, a federal habeas court may grant the writ if the state
>court arrives at a conclusion opposite to that reached by this Court on a
>question of law or if the state court decides a case differently than this
>Court has on a set of materially indistinguishable facts. Under the
>"unreasonable application" clause, a federal habeas court may grant the
>writ if the state court identifies the correct governing legal principle from
>this Court's decisions but unreasonably applies that principle to the facts
>of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___

- 8 -

U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010). *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Marshall's convictions and sentence. (Respondent's Exhibit 4) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Marshall's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 30) The state appellate court's *per curiam* affirmances warrant

deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Marshall bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v.*

*Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Marshall's post-conviction claims warrants deference in this case. (Final Order Denying Defendant's Motion for Post-Conviction Relief, Respondent's Exhibit 24) The amended petition presents a single claim of ineffective assistance of counsel.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Marshall claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Marshall must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Marshall must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the

extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Marshall cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Marshall must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly'

so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

The state court conducted an evidentiary hearing and denied the several claims of ineffective assistance of counsel asserted in the motion for post-conviction relief because Marshall failed to establish both deficient performance and prejudice as required by *Strickland*. (Respondent's Exhibit 24 at 406) Because the state court correctly recognized that *Strickland* governs each claim of ineffective assistance of counsel, Marshall cannot meet the "contrary to" test in Section 2254(d)(1). Marshall instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

In his amended petition Marshall alleges that trial counsel rendered ineffective assistance by not filing "a motion suppressing the eyewitness's identification evidence and object[ing] to this evidence when it was" introduced at trial. Marshall contends that counsel should have determined "that Petitioner was seized without probable cause when he was stopped, illegally detained, and involuntarily transported to another location for eyewitness identification purposes." (Doc. 6 at 6) The state post–conviction court conducted an evidentiary hearing and rejected this claim as follows (Respondent's Exhibit 24 at 407-09) (brackets original):

> [A]fter receiving, reviewing and evaluating the testimony, credibility and veracity of the witnesses and evidence presented, the Court finds that Defendant has failed to meet his burden of establishing that trial counsel's performance was either deficient or prejudicial.
>
> As stated by post-conviction counsel, the most serious issue for the Court's consideration was whether counsel was ineffective for failing to file a multi-faceted motion to suppress. Specifically, Defendant contends that counsel was ineffective for failing to file a motion to suppress his detention because it was illegally prolonged. In addition, Defendant contends that counsel was ineffective for failing to pursue a motion to suppress or motion to exclude the victim's identification of him as the perpetrator of the robbery because the show-up was "impermissibly suggestive, unfair and prejudicial." Motion at 19.
>
> Regarding . . . Defendant's contention that his detention was illegally prolonged, the law is clear: "[A] police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151 Fla. Stat. (1991). In order not to violate a citizen's Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop. *Carter v. State*, 454 So. 2d 739 (Fla. 2d DCA 1984)." *Popple v. State*, 626 So. 2d 185, 186 (Fla. 1993).
>
> "The standard to apply to an officer's actions in making a stop is whether the officer[] had a minimal objective basis of suspecting legal

wrongdoing. *See Illinois v. Wardlow*, 528 U.S. 119, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000)." *Graham v. State*, 964 So. 2d 758, 761 (Fla. 4th DCA 2007). *See also Knox v. State*, 689 So. 2d 1224, 1226 (Fla. 5th DCA 1997) (A police officer's "personal opinion as to whether probable cause exists is irrelevant." The is one [*sic*] of objectivity.)

Trial counsel testified at the evidentiary hearing that, after reviewing all of the information available to him regarding the issue, he concluded a motion such as proffered by the Defendant would not have been successful and, therefore, did not pursue one.

After reviewing the depositions of Deputy Van Sciver, Deputy Horne, Lieutenant Bass, and Ms. Jenkins, . . . as well as the testimony and evidence adduced at the hearing regarding what defense trial counsel knew at the time, the Court finds Defendant has failed to establish that counsel's failure to file a motion to suppress based upon an argument that the detention of the Defendant was illegally prolonged was an error "so serious that he . . . was not functioning as the counsel guaranteed by the Sixth Amendment." *See Schofield, supra*.

Additionally, based upon the above, Defendant has failed to establish that, even if counsel had filed said motion to suppress, such a motion had a reasonable probability of success. This is necessary to establish the second prong of the analysis — that there was "a reasonable probability that the outcome [of the proceeding] would have been different." Accordingly, the Court finds that Defendant has failed to establish either prong of the *Strickland* analysis . . . .

Regarding . . . Defendant's contention that his trial counsel was ineffective for failing to pursue a motion to suppress or motion to exclude the victim's identification of him as the perpetrator of the robbery because the show-up was "impermissibly suggestive, unfair and prejudicial," the Court finds the claim must be denied.

A two-pronged test is used to determine whether an out-of-court identification should be suppressed: "(1) did the police use an unnecessarily suggestive procedure to obtain the out-of-court identification; (2) and if so, considering all the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification." *Thomas v. State*, 748 So. 2d 970, 981 (Fla. 1999).

Trial counsel testified at the evidentiary hearing that, after reviewing all the information available to him regarding the issue, he had "no hope" of prevailing on such a motion and could both raise and preserve the

- 16 -

> issue for appellate review at trial — which he did by making appropriate and timely objections at trial.
>
> After reviewing the depositions of Deputy Van Sciver, Deputy Horne, Lieutenant Bass, and Ms. Jenkins, . . . as well as the testimony and evidence adduced at the hearing regarding what defense trial counsel knew at the time, the Court finds Defendant has failed to establish that counsel's failure to pursue a motion to suppress or motion to exclude the victim's identification of him as the perpetrator of the robbery because the show-up was "impermissibly suggestive, unfair and prejudicial" was an error "so serious that he . . . was not functioning as the counsel guaranteed by the Sixth Amendment." *See Schofield, supra.*
>
> Additionally, based upon the above, Defendant has failed to establish that, even if counsel had filed said motion to suppress or exclude, such a motion had a reasonable probability of success. This is necessary to establish the second prong of the analysis — that there was "a reasonable probability that the outcome [of the proceeding] would have been different." Accordingly, the Court finds that Defendant has failed to establish either prong of the *Strickland* analysis . . . .
>
> All of the above, however, may be moot. It is undisputed that counsel consciously reviewed the issues and then made the tactical and strategic decisions not to pursue either the motion to suppress or the motion to exclude. Accordingly, since "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[,]" *Strickland v. Washington*, 466 U.S. 668, 690 (U.S. 1984), and based upon all of the above, [Defendant's] claims . . . are DENIED.

The transcript of the evidentiary hearing supports the post-conviction court's factual findings. Additionally, the post-conviction court specifically accepted trial counsel's testimony over the testimony of Marshall and his expert witness. A federal court must defer to the state court's findings of fact. 28 U.S.C. § 2254(e)(1). This deference applies to credibility determinations that resolve conflicting testimony, as *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998), *cert. denied*, 526 U.S. 1047 (1999), instructs, "We must accept the state court's credibility determination and thus

credit [the attorney's] testimony over [the petitioner's]. *Coulter v. Herring*, 60 F.3d 1499, 1503 (11th Cir. 1995) (applying the statutory presumption of correctness under § 2254(d) to the state court's credibility determination), *cert. denied*, 516 U.S. 1122 (1996)."

The post-conviction court specifically found that Marshall proved neither deficient performance nor prejudice. Based on this record, Marshall fails to meet his burden of showing that the state court unreasonably applied *Strickland*.

Accordingly, Marshall's amended petition for the writ of habeas corpus (Doc. 9) is **DENIED**. The clerk shall enter a judgment against Marshall and close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Marshall is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Marshall must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would

debate the state court's rejection of Marshall's claim of ineffective assistance of counsel, Marshall cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Marshall is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Marshall must pay the full $455 appellate filing fee without installments unless the circuit court allows Marshall to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on May 30, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE